## IN THE MATTER OF THE BANKRUPTCY OF JOHN RICHARDSON.

### APPEAL FROM COOPER, JUDGE.

HEARING, JUNE 20, 1894.                    DECISION, JUNE 26, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

Claims in bankruptcy proved after declaration and payment of dividend by the assignee cannot participate in such dividend. The circumstances of this case held not sufficient to support the contention that the claims should participate in such dividend.

### OPINION OF THE COURT, BY JUDD, C.J.

This is an appeal from Hon. H. E. Cooper, Judge of the Circuit Court, First Circuit, sitting in bankruptcy wherein, on the petition by the assignee for his discharge, he held that the claims of Ah Mi and Quong Fung of Wailuku, Maui, were filed subsequent to the declaration of the first dividend of the estate and did not participate therein, but the assignee having failed to object to the validity of the claims (when presented) they are entitled to share in the final dividend.

The Circuit Judge approved the accounts, of the assignee and ordered his discharge upon filing receipts by the creditors of the final dividend.

The Circuit Judge found the following facts in the case :

"John Richardson was adjudged a bankrupt on December 15th, 1891, and Monday, December 28th, was set for the creditors to prove their claims and elect an assignee ; at which time L. A. Thurston was elected assignee. Notice to creditors was published in the "Hawaiian Gazette," December 22nd and the return of the marshal endorsed upon the list of creditors shows that notices were mailed to creditors on the 16th of December, 1891.

Among the creditors appearing on the list are Quong Fung and Ah Mi. On March 22nd, 1892, the assignee declared a dividend of 335 per cent. amounting to $5,656.51. Previous to declaring this dividend, Mr. Thurston wrote to Ah Mi, notifying him that he was about to declare a dividend and calling attention to the fact that he had not proved his claim and enclosed a special power of attorney for him to sign, authorizing the proof of his claim. Mr. Thurston received no reply to this letter but computed and allowed a dividend upon the $600 claim mentioned in the list of creditors, although the claim had not been filed up to the time the dividend was declared. The claims of Ah Mi and Quong Fung were proved on the 24th day of March, 1892, two days after the dividend had been declared.

On the appeal, counsel for the opposing creditors, (V. V. Ashford, Esq.,) did not controvert any of the facts found by the bankruptcy court, but suggested that the evidence of the creditor Ah Mi that he had received no notice of the bankruptcy of Richardson or that he was required to prove the claim should be considered as reasons why the strict requirements of the statute should be relaxed in his favor, and he be admitted to participate in the first dividend. Against this is the admission of Ah Mi that he received the assignee's letter of March 3rd, 1892, and signed the form of power of attorney enclosed by the assignee and sent them to his

attorney in Honolulu, supposing that they referred to a private assignment for the benefit of creditors made some time previous by Richardson to Mr. Thurston. The attorney then sent a power of attorney back to his clients and on their return to Honolulu filed the claims, that of Ah Mi being for the $600 and a large additional amount. But this was done on the 24th of March, the dividend having been declared two days previous, the assignee having waited from the 3rd to the 22nd of March. The assignee was not required by the statute to give further notice to his creditor to prove his claim, but seeing the claim for $600 to Ah Mi on the sworn schedule filed by the bankrupt, thought proper to do so. This indulgence, however, creates no ground for further indulgence on the part of the assignee, a reasonable time having elapsed in which the creditor might have proved his claim. The claim of Quong Fung stands upon the same footing.

We find no reason for reversing or modifying the order of the bankruptcy court and it therefore stands and the appeal is dismissed.

*V. V. Ashford*, for creditors.

*Carter & Carter*, for assignee.